

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2009

# Eugene Ebene Bile v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3792

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Eugene Ebene Bile v. Atty Gen USA" (2009). *2009 Decisions.* Paper 828.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/828

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-3792

———————

EUGENE EBENE BILE,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A88-645-774)
Immigration Judge:  Honorable Walter A. Durling

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
JUNE 17, 2009

Before:  SLOVITER, AMBRO and GREENBERG, Circuit Judges

(Opinion filed: August 12, 2009)

———————

OPINION

———————

PER CURIAM

        Eugene Ebene Bile petitions for review of an order of the Board of Immigration

Appeals (BIA).  For the reasons below, we will dismiss the petition for review.

On February 10, 2006, Bile, a native of Cameroon, entered the United States using a fraudulent French passport. In March 2008, his application for asylum was referred to an Immigration Judge (IJ). On July 2, 2008, the IJ denied Bile's application for asylum, withholding of removal, and relief under the Convention Against Torture. The IJ also found Bile's application to be frivolous. Although he had waived his right to appeal during his hearing before the IJ, Bile appealed to the BIA. After noting that Bile had been advised of his right to appeal and had waived it, the BIA dismissed the appeal. Bile timely filed a pro se petition for review.

The government argues that Bile failed to exhaust his administrative remedies by filing an appeal to the BIA instead of a motion to reopen with the IJ. Citing Matter of Shih, 20 I&N Dec. 697 (BIA 1993), the BIA concluded that it lacked jurisdiction over Bile's appeal because he had waived his right to appeal. In Matter of Patino, 23 I&N Dec. 74, 76 (BIA 2001)(en banc), the BIA held that an alien could challenge the validity of an appeal waiver by filing an appeal directly with the BIA and that the BIA retained jurisdiction to consider the validity of the waiver. However, Bile did not argue to the BIA that his waiver was not knowing and intelligent, and the BIA did not address this issue sua sponte. See Lin v. Attorney General, 543 F.3d 114 (3d Cir. 2008). In fact, Bile has not addressed his waiver of appeal in his brief before us. Nor did he file a reply brief when the government raised the issue in its brief. Even under a liberal exhaustion standard, we cannot conclude that Bile put the BIA on notice that he was challenging the

2

validity of his waiver. See Hoxha v. Holder, 559 F.3d 157 (3d Cir. 2009)(holding that an issue raised in a notice of appeal to the BIA is sufficient for purposes of exhaustion.) Because Bile failed to exhaust his administrative remedies, we lack jurisdiction over the petition for review.

While the merits of the petition are not before us, we do note that the IJ's description of the frivolous finding was misleading. The IJ told Bile, "I'm also going to find that you filed a frivolous application in that you knowingly provided false or highly misleading testimony today. If that is upheld on appeal, that would prevent you from ever getting any legal status in the United States forever. Now, after I'm telling you all of this, do you want to appeal my decision or not?" C.A.R. at 282-83. Bile protested that he had been telling the truth and said that he was tired and didn't know if he wanted to appeal. When he indicated that he did not understand the appeals process, the IJ provided a brief explanation and asked again if Bile wanted to appeal. Bile stated that he did not want to appeal. The IJ then found that Bile had knowingly and intelligently waived his right to appeal.

The IJ stated that Bile would be barred permanently from obtaining any status in the United States ever "if [the frivolous finding] is upheld on appeal." This could have led Bile, who was proceeding pro se, to believe that the frivolousness finding would not bar him from ever obtaining status unless that finding was affirmed on appeal.[1]

---

[1] The government argues that Bile waived his right to appeal for his own substantial benefit. However, it is not clear to us how Bile benefitted from waiving his right to

3

Moreover, it appears that Bile was not warned of the consequences of filing a frivolous application when he filed his asylum application, as required by 8 U.S.C. § 1158(d)(4)(A), or given an opportunity to account for any discrepancies in his testimony or any implausible aspects of his claim. See Luciana v. Attorney General, 502 F.3d 273, 281 (3d Cir. 2007).

For the above reasons, we will dismiss the petition for review for lack of jurisdiction. See 8 U.S.C. § 1252(d)(1) (A court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right.") However, under the circumstances of this case, we strongly encourage the respondent to request the IJ to reconsider sua sponte his decision in order to rectify the errors surrounding the frivolous finding, some of which may have affected Bile's waiver of appeal.

AMBRO, Circuit Judge, Dissenting

Because I would determine that we have jurisdiction over Bile's appeal, I respectfully dissent. Unlike the majority, I believe Bile exhausted his administrative remedies. In my view, the BIA *sua sponte* decided whether Bile's appellate waiver was voluntary and intelligent by discussing jurisdiction and waiver. See Lin v. Attorney General, 543 F.3d 114, 119, 123 (3d Cir. 2008) (determining that the appellate court had

_____

appeal the denial of relief and the finding that he had filed a frivolous application.

4

jurisdiction over the appeal because the BIA *sua sponte* considered the IJ's adverse credibility determination). It dismissed the appeal because Bile "was previously advised of his right to appeal and clearly elected not to do so." (App. 2.) Thus, the consideration and affirmation of validity was necessarily included in its decision.

Consequently, the IJ's ruling that Bile's waiver of his right to appeal was voluntary and intelligent was not supported by the record before the IJ.[2] Thus, I would determine that Bile's waiver was invalid and he should not be deprived of appellate review. See United States v. Mendoza-Lopez, 481 U.S. 828, 840 (1987) ("Because the waivers of [respondents'] rights to appeal were not considered or intelligent, respondents were deprived of judicial review of their deportation proceeding."). As the majority explained, the IJ's description of the effect of its finding of frivolousness if upheld on appeal—that Bile would be barred permanently from getting legal status in the United States—was misleading. It is not a stretch to conclude that Bile, who proceeded *pro se* before the IJ, could have interpreted the IJ's statements as a warning about the consequences of filing an appeal and that, in turn, if he did not appeal, he would not be barred permanently from possibly obtaining legal status on the United States. This misguided view of the BIA

---

[2] I note that this case concerns an oral waiver on the record in the context of a asylum proceeding, rather than a signed, written waiver. Thus, our recent decision, Richardson v. United States, 558 F.3d 216, 219–220 (3d Cir. 2009) (discussing that, in a removal proceeding, the alien bears the burden of proving validity when the waiver is written, and distinguishing United States v. Lopez-Vasquez, 1 F.3d 751, 753–54 (9th Cir. 1993), in which the Ninth Circuit Court determined that the Government bears the burden when the waiver is oral), does not apply here.

appeals process would certainly give a petitioner pause about pursuing his case on appeal.

Moreover, I also agree with the majority's assessment that "Bile was not warned of the consequences of filing a frivolous application when he filed his asylum application, as required by 8 U.S.C. § 1158(d)(4)(A), or given an opportunity to account for any discrepancies in his testimony or any implausible aspects of his claim." Bile admittedly did not understand the appeals process, explained he was tired, and expressed to the IJ that his testimony was truthful. These errors cited by the majority underscore that Bile's appellate waiver was not knowing and voluntary, and perhaps that the IJ's adverse credibility determination was an error as well. Given my position on waiver, I would send the case back to the BIA for consideration of the merits of Bile's appeal in the first instance. Hoxha v. Holder, 559 F.3d 157, 163 (3d Cir. 2009) (stating that the court was "unable to review [an exhausted issue] because the BIA failed to address it").

Because the majority does not share my view regarding jurisdiction to reach the question of waiver, I support its direction to request that the IJ reopen the case to consider these issues. See 8 C.F.R. § 1003.23(b)(1).